

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
07/09/2009

| | | |
|---|---|---|
| IN RE: | § | |
| MARIO M. GARZA | § | CASE NO: 08-30147 |
|     Debtor(s) | § | |
| | § | CHAPTER 7 |
| | § | |
| ANADARKO PETROLEUM | § | |
| CORPORATION | § | |
|     Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 08-3098 |
| | § | |
| MARIO M. GARZA | § | |
|     Defendant(s) | § | |

## MEMORANDUM OPINION
## REGARDING SUMMARY JUDGMENT

### I. FACTUAL BACKGROUND

Defendant Mario M. Garza ("Garza" or "Defendant") was formerly employed as an in-house attorney by plaintiff Anadarko Petroleum Corporation ("Anadarko" or "Plaintiff"). On April 24, 2007, Garza plead guilty to committing wire fraud (18 U.S.C. § 1343) and for making false statements on an income tax return (26 U.S.C. § 7206(1)). The conviction for wire fraud arose from a scheme of misappropriation of funds belonging to Garza's employer, Anadarko.

On April 24, United States District Judge Melinda Harmon entered a Judgment In a Criminal Case ("Judgment")[1], sentencing Garza to the following:

a. 37 months for wire fraud, and 36 months for making a false statement on a tax return; both terms to be served concurrently,

b. Supervision upon release, for a period of 3 years,

c. Restitution, in the amount of $809,440.20, payable to Anadarko.

The order provides a schedule for payment of the restitution penalty:

a. $200.00 due immediately, plus

---

[1] Case No. 07-cr-00167-1, *United States v. Mario M. Garza*, (Docket #38) "Judgment in a Criminal Case." Judge Harmon's Order may also be located in this adversary. *See* Adversary No. 08-03098, Docket # 17, Motion for Summary Judgment, Attachment #1.

      b. 50% of any wages earned while in prison, plus

      c. Any balance remaining after release from imprisonment, paid in equal monthly installments of $500 over a period of 35 months, to commence 30 days after the release to a term of supervision.

The Judgment further provides that schedule of payments was created, "having assessed the defendant's ability to pay." [2]

On January 14, 2008, Garza filed a voluntary chapter 7 bankruptcy petition.[3] On his bankruptcy schedules, Garza lists a debt of $800,000 for restitution to creditor Anadarko. On March 27, 2008, Anadarko filed this adversary proceeding, seeking a determination from this Court that Garza's debt to Anadarko created by the order for criminal restitution is non-dischargeable under 11 U.S.C §§ 523(a)(2), 523(a)(4), 523(a)(6), and 523(a)(13), and is entitled to remedies afforded by 18 U.S.C. §§ 3613 and 3664.

The parties stipulated to the facts orally, in open court at pre-trial conference on May 29, 2008. The parties then filed cross motions for summary judgment on a single issue: whether all or part of the restitution should be held non-dischargeable by this Court.

## II.  PROCEDURAL BACKGROUND

Counsel for both parties attended a pre-trial conference on May 29, 2009. On May 29, the Court issued a scheduling order, docket #11, identifying issues that must be addressed before further prosecution of the adversary proceeding; namely, whether the criminal conviction and restitution order is preclusive of central issues in the adversary. The order also schedules deadlines for parties to file and respond to motions for summary judgment.

Docket # 16 is Garza's motion for summary judgment, which seeks a declaration that Garza's non-dischargeable debt should be limited to $17,500.00, plus 50% of any wages earned while imprisoned.

Docket #17 is Anadarko's motion for summary judgment and response, which seeks a declaration that the entire restitution award of $809,440.20 is non-dischargeable as a matter of law.

Docket ##18 and 19 are Garza's responses to Anadarko's motion for summary judgment (docket #17). Docket #20 is Anadarko's reply to Garza's responses (docket ##18, 19).

## III.  JURISDICTION

The Court has jurisdiction of this matter under 28 U.S.C. § 1334. This is a core matter under 28 U.S.C. 157(b). Venue is proper in this District under 28 U.S.C. § 1409.

---

[2] Id at page 5.
[3] Bankruptcy Case No. 08-30147. On June 23, 2008, the Court issued Garza's bankruptcy discharge 11 U.S.C. § 727 (Docket #37). However, an order discharging debtor pursuant to § 727 is subject to the exceptions to discharge provided by 11 U.S.C. § 523.

## IV. SUMMARY JUDGMENT STANDARD

Summary judgment should be granted "if the pleadings, the discovery, and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED R. CIV. P. 56(c); *Gray Law LLP v. Transcon. Ins. Co.*, 560 F.3d 361, 365 (5th Cir. 2009). Federal Rule of Bankruptcy Procedure 7056 incorporates Rule 56 in adversary proceedings.[4]

A party seeking summary judgment must demonstrate: (i) an absence of evidence to support the non-moving party's claims or (ii) an absence of a genuine issue of material fact. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006). A genuine issue of material fact is one that could affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008) ("A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party."); *James v. Tex. Collin County*, 535 F.3d 365, 373 (5th Cir. 2008). A court views the facts and evidence in the light most favorable to the non-moving party at all times. *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009); *LeMaire v. La. Dept. of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007). Nevertheless, a court is not obligated to search the record for the non-moving party's evidence. *Malacara v. Garber*, 353 F. 393, 405 (5th Cir. 2003). The Court should not weigh the evidence inasmuch as a credibility determination may not be part of the summary judgment analysis. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

"The moving party bears the burden of establishing that there are no genuine issues of material fact." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008). The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial.

If the movant bears the burden of proof on an issue, a successful motion must present evidence that would entitle the movant to judgment at trial. *Malacara v. Garber*, 353 F.3d 393, 403 (5th Cir. 2003); *Chaplin v. Nationscredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine issue of material fact. *Sossamon*, 560 F.3d at 326; *U.S. v. 92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008). The non-moving party has a duty to respond with specific evidence demonstrating a disputed fact

---

[4] Rule 56 was amended, effective December 1, 2007. Although most changes were stylistic, the changes to Rule 56(c) were substantive. Prior to the amendment, Rule 56(c) provided that the Court "shall" grant summary judgment if the relevant criteria were met. Effective December 1, 2007, the word "shall" was changed to "should." The Committee Notes to the 2007 amendment state that the word "[s]hould" was substituted for "shall" to recognize that, "although there is no discretion to enter summary judgment when there is a genuine issue as to any material fact, there is discretion to deny summary judgment when it appears that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56 advisory committee's notes (2007). As one commentator noted, "even when a motion for summary judgment is properly made and supported, it need not be granted . . . [s]uch a motion may be granted - indeed, it should be granted - but it does not have to be granted." Bradley S. Shannon, *Should Summary Judgment Be Granted?*, 58 Am. U. L. Rev. 85, 95 (2008).

issue. *Celotex Corp. Cattrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *92,203.00 in United States Currency*, 537 F.3d at 507. When identifying specific evidence in the record, the non-movant must "articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004); *Raga v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

If the movant does not bear the burden of proof, the movant must show the absence of sufficient evidence to support an essential element of the opposing party's claim. *Norwegian Bulk Transp. A/S*, 520 F.3d at 412; *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006). Movants who do not bear the ultimate burden of proof often seek summary judgment after discovery has produced insufficient evidence to support the non-moving party's claims. Upon an adequate showing of insufficient evidence, the non-movant must respond with sufficient evidence to support the challenged element of its case. *Celotex*, 477 U.S. at 324. The non-movant must "go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue" rather than relying on conclusory allegations. *Adams v. Travelrs Indem. Co.*, 465 F.3d 156, 163–64 (5th Cir. 2006); *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). Ultimately, the motion should be granted if the non-moving party cannot produce evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

## V.   11. U.S.C § 523(a)(13)

Section 523(a)(13) excepts from discharge any debt "for any payment of an order of restitution issued under Title 18, Unites States Code." 11 U.S.C. 523(a)(13). The Violent Crime Control and Law Enforcement Act of 1994 added paragraph (13) to section 523(a).[5] In addition, section 3613(e) of Title 18 of the United States Code provides that no discharge in a proceeding under title 11 shall discharge a liability to pay a fine pursuant to that section. 18 U.S.C. 3613(e).

## VI.   DISCUSSION AND ANALYSIS

Based on the plain language of Judge Harmon's District Court Judgment, the plain language of section 523(a)(13), and Fifth Circuit and Supreme Court precedent, the Court finds that the entire criminal restitution penalty, payable to Anadarko, is non-dischargeable as a matter of law.

### a.   Order of Restitution

The general rule is that "a district court can award restitution to victims of the offense, but the restitution award can encompass only those losses that resulted directly from the offense for which the defendant was convicted." *United States v. Maturin*, F.3d 657, 660-61 (5th Cir. 2007)(citing *Hughey v. United States,* 495 U.S. 411413, 110 S.Ct. 1979, 109 L.Ed.2d. 208 (1990). An order of restitution must be limited to losses caused by the specific conduct underlying the offense of conviction. *United States v. Alredge,* 553 F.3d 881, 889 (5th Cir. 2008)

---

[5] *See* COLLIER ON BANKRUPTCY ¶523.19 (citing Pub. L. No. 103-322 § 320934 (1994)).

(citing *United States v. Griffin,* 324 F.3d 330, 367 (5th Cir.2003) (holding that restitution is restricted to the limits of the offense)).

The Judgment clearly and plainly orders restitution in the amount of $809,440.20, payable to Mr. Garza's victim, Anadarko.[6] Anadarko was harmed in this amount through a scheme of misappropriation of funds, for which Garza was convicted of wire fraud under Title 18.[7] The loss to Anadarko, the resulting offense, and the ultimate conviction under Title 18 is the foundation and calculation for the award of restitution.

### b. Amount of Non-dischargeable Debt

In his motion for summary judgment, Garza concedes that the debt created by the restitution award is non-dischargeable, but disputes the amount to be excepted from discharge. Garza argues that his non-dischargeable debt should be limited to $17,500.00, plus 50% any wages he will make while imprisoned.[8] In support of this amount, Garza argues that (i) he will never be able to pay this amount in full in his lifetime, and (ii) that a "reasonable construction" of the amounts contained in the Schedule of Payments attached to the Judgment only requires Mr. Garza to make post-imprisonment payments totaling $17,500 ($500 a month for 35 months). The remainder, Garza contends, should be discharged.[9]

Garza fails to produce any authority or fact to support his arguments, but more importantly, Garza fails to illustrate why the bankruptcy court should make that determination. The applicable statute makes a restitution award nondischargeable. If Garza wants an interpretation of the restitution order, Garza must seek that interpretation from Judge Harmon.

### c. Other Elements of Non-Dischargeability

Anadarko also argues that the debt created by the restitution order is non-dischargeable pursuant to 11 U.S.C §§ 523(a)(2), 523(a)(4), 523(a)(6). Having found the debt is clearly non-dischargeable pursuant to 11 U.S.C § 523(a)(13), Anadarko's remaining arguments need not be addressed.

---

[6] Case No. 07-cr-00167-1, *United States v. Mario M. Garza*, (Docket #38) "Judgment in a Criminal Case" at page 4.

[7] See *Id* at Docket #1 "Indictment", paragraph 10 ("Garza would and did fraudulently obtain approximately $809,440.20 from Anadarko" by Wire Fraud – Title 18 U.S.C. §1343). Persons convicted of wire fraud under § 1343 "shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both." 18 U.S.C. §1343.

[8] Instant case: Adversary No. 08-03098 (Docket #16).

[9] *Id.*

VII.  CONCLUSION

For the above reasons, the Court finds that the entire criminal restitution penalty, payable to Anadarko, is non-dischargeable as a matter of law. Summary Judgment to Anadarko (docket #17) will be granted by separate order.

SIGNED 07/09/2009.

*Wesley W. Steen*
Wesley W. Steen
United States Bankruptcy Judge